2 F.3d 1153
 144 L.R.R.M. (BNA) 2296
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
James E. DAY, James Day, and Travis Day, doing business as
Pro-Tec Automatic Sprinklers, Respondents.
 No. 92-3248.
 United States Court of Appeals, Seventh Circuit.
 Aug. 18, 1993.
 
 Before POSNER, EASTERBROOK and ROVNER, Circuit Judges.
 
 Order
 
 1
 On November 9, 1992, the court referred this case to a special master to investigate respondents' contention that the National Labor Relations Board had not served them with copies of the amended complaint and motions.
 
 
 2
 Magistrate judge Kauffman, serving as special master, held a hearing on respondents' allegations. Inexplicably, respondents did not participate in this hearing. The master concluded, based on the record of the case and testimony from the Board's employees, that respondents' assertions are false, and that they received actual notice of the amended complaint and other documents.
 
 
 3
 By failing to participate in the hearing that was held on their own allegations, respondents have forfeited any opportunity to object to enforcement of the Board's order. Accordingly, the Board's order is summarily enforced.
 
 
 4
 The master's finding that the assertions respondent James E. Day made to this court are untrue raises a substantial question whether he has committed perjury. The "Special and Limited Appearance" James Day filed in an effort to avoid enforcement of the NLRB's order was certified as true. Accordingly, we are transmitting copies of the record in this court, including that "Special and Limited Appearance", the record before our special master, and the master's findings, to the United States Attorney for the Central District of Illinois.